**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| BYRON E. HOSEY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GLOBAL CONSTRUCTION TRANSPORT, LLC, )<br>DENISE SIMMONS, and DARREN SIMMONS, )<br>    Defendants. ) | CAUSE NO.: 1:17-CV-473-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint [DE 25], filed by Plaintiff Byron F. Hosey on March 9, 2018, and a Supplement [DE 27], filed by Plaintiff on April 10, 2018. Plaintiff seeks leave of Court to file an Amended Complaint to add Douglas R. Omland as a party plaintiff. Defendants have not filed a response, and the time to do so has passed.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, when a plaintiff seeks to add a plaintiff through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). Rule 20 provides:

> **(1) *Plaintiffs*.** Persons may join in one action as plaintiffs if:
>     **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

The Seventh Circuit Court of Appeals has not adopted a bright-line rule for determining when a right to relief arises out of the same transaction or occurrence under Rule 20(a)(1)(A). *See Abraham v. Group O, Inc.*, 16 C 11642, 2018 WL 620034, at *3 (N.D. Ill. Jan. 30, 2018) (citing *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000)). Rather, courts take a "case-by-case approach," construing Rule 20 "in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes." *Id.* (quoting *Bailey*, 196 F.R.D. at 515). To determine whether the right to relief arises out of the same transaction or occurrence in the employment context, courts consider factors such as whether the plaintiffs had the same supervisors, worked in the same locations or departments, worked during the same general time period, and were affected by company-wide policies. *Id.* (addressing Rule joinder in a case brought under the FLSA) (citing *Adkins v. Ill. Bell Tel. Co.*, No. 14 C 1456, 2015 WL 1508496, at *7 (N.D. Ill. Mar. 24, 2015)).

In addition to the requirements of Rule 20, a district court may consider "'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez*, 251 F.3d at 632 (quoting *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 58 (7th Cir. 1982)). "Federal policy favors joinder, and the district court has wide discretion when deciding whether joinder of parties is proper." *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 230 (N.D. Ill. 2002); *see also Davis v. Packer Eng'g, Inc.*, No. 11-CV-7923, 2018 WL 1784131, at *7 (N.D. Ill. Apr. 12, 2018) ("Federal policy favors joinder, as the purpose of Rule 20 is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." (quoting *Smith v. Ne. Ill. Univ.*, No. 98 C 3555, 2002 WL 377725, at *1 (N.D. Ill. Feb. 28, 2002))).

According to the proposed amended complaint, both Hosey and Omland worked for Global Construction as sand pushers in the oil fields, each began his employment in July 2017, and each was involuntarily terminated in either September or October 2017. Both Hosey and Omland allege that they were not paid overtime rates of pay for any hours worked for Defendants in excess of forty hours in any work week. Based on these facts, the Court finds that Hosey's and Omland's claims arise out of the same transaction or occurrence. In addition, common questions of law and fact will arise in the action as to Hosey's and Omland's FLSA and Indiana Wage Claim Statute claims. Finally, Defendants have not objected to the instant motion, and permitting Omland to join as a party plaintiff will serve the purposes of financial and judicial economy.

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint [DE 25] and **ORDERS** Plaintiff Byron E. Hosey to **FILE** the Amended Complaint on the docket on or before **May 4, 2018**.

SO ORDERED this 27th day of April, 2018.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT